William BAYMA, Plaintiff-Appellee,

v.

SMITH BARNEY, HARRIS UPHAM
AND COMPANY, INC., et al.,
Defendants-Appellants.

No. 85–1506.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 1985.

Decided March 14, 1986.

Michael P. Carbone, Jordan, Lawrence, Dawson & Carbone, San Francisco, Cal., for plaintiff-appellee.

Theodore A. Griffinger, Ira D. Goldberg, Martin Berglas, Griffinger, Levinson,

Freed & Heinemann, San Francisco, Cal., for defendants-appellants.

Before GOODWIN, ALARCON and POOLE, Circuit Judges.

GOODWIN, Circuit Judge:

Smith Barney, Harris Upham and Co., Inc. brings this interlocutory appeal from an order denying a stay pending the compulsory arbitration called for in a contract of employment between Bayma, an account executive, and Smith Barney, a member firm of the New York Stock Exchange (NYSE).

At the time of Bayma's employment, he executed a form contract drafted by the NYSE for use by its member firms. The agreement included a standard arbitration clause pursuant to Rule 347 of the NYSE. The arbitration clause on its face applies to any controversy between employee and employer arising out of the employment contract.

Bayma during the course of his employment claimed that he was entitled to finders' fees and other payments for developing certain new business. Smith Barney refused to pay these claims and Bayma sued in state court. Smith Barney removed the case, citing diversity of citizenship, and then moved the district court for a stay of all further proceedings pending arbitration pursuant to the employment contract. The district court denied the stay on the theory that the Federal Arbitration Act, 9 U.S.C. § 2 (1982), does not apply to revocable contracts, and that the question of revocability is one of state law. The court then concluded, relying upon *Hope v. Superior Court*, 122 Cal.App.3d 147, 175 Cal.Rptr. 851 (1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982), that the arbitration clause was a contract of adhesion and therefore revocable at the pleasure of the employee. This holding was consistent with the only published California cases at the time. *See Hope*, 122

Cal.App.3d 147, ·175 Cal.Rptr. 851, and cases cited therein.

The principal issue now before us is whether this arbitration question is covered by state or federal law. We have jurisdiction under 28 U.S.C. § 1291 (1982). The question is one of law. Our review is de novo. While some factual disputes may lurk in the case apart from the question of arbitrability, all the material facts concerning the issue on appeal are · undisputed.

Smith Barney asserts that the arbitration clause is not revocable, under either state or federal contract law, while Bayma asserts that it is revocable under California law, and therefore by the terms of the arbitration act, unenforceable in federal court.

We turn first to the controlling federal statute. Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2 (1982), provides:

A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, ·irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Recent Supreme Court decisions have made it clear that this federal act preempts state law on the issue of arbitrability in dealing with those contracts falling under the Act. *Southland Corporation v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

In *Moses H. Cone Memorial Hospital,* the Court affirmed a Fourth Circuit judgment enforcing an arbitration clause. The Court stated that the federal act governed the issue of arbitrability of the dispute between parties:

Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.... The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

460 U.S. at 24–25, 103 S.Ct. at 941 (footnote omitted).

In *Southland Corporation v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1, the Court reversed the California Supreme Court's holding that the California Franchise Investment Law invalidated an arbitration clause in a franchise agreement. "In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Id.* at 10, 104 S.Ct. at 858. The court held Congress has thus created a substantive rule of arbitrability applicable in state as well as federal courts. *Id.* at 16, 104 S.Ct. at 861.

The parties briefed California law. In *Hope v. Superior Court,* 122 Cal.App.3d 147, 175 Cal.Rptr. 851 (1981), which Bayma cites extensively, the First District appellate court refused to enforce an arbitration agreement identical to that involved in the instant case. In *Hope,* a dispute developed over commissions allegedly owed to two account executives by the defendant securities brokerage firm. In refusing to sustain the trial court's order which granted the brokerage firm's motion to stay the proceedings and to compel arbitration, the *Hope* court characterized the employment contract as one of adhesion, and held that it was unconscionable.

Smith Barney cites and relies upon a later California case, *Tonetti v. Shirley,* 173 Cal.App.3d 1144, 219 Cal.Rptr. 616 (1985). The *Tonetti* court attempted to distinguish *Hope* on the ground that the federal preemption issue had not been decided by the *Hope* court. The *Tonetti* panel went on to imply, however, that the *Hope* case is not likely to be followed in the future.

Smith Barney also asserts that the *Hope* decision has been superseded by the more recent *Parr v. Superior Court,* 139 Cal. App.3d 440, 188 Cal.Rptr. 801 (1983), decision. We need not decide whether California courts necessarily would apply the *Parr* rationale in an employment case. *Parr* involved a customer account agreement, not an employment contract. However, *Southland Corporation v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 teaches that federal law favoring arbitration preempts contrary state law, whether judicially, or legislatively made act, attempting to carve out exceptions to 9 U.S.C. § 2 (1982).

We express no opinion on what the California law might be if an employment contract is challenged as utterly void and unenforceable in whole or in part because of some defect that kept the contract from ever coming into existence. That question is not before us, and was not decided by the Supreme Court in *Moses H. Cone* or *Southland.*

While the district court was correct in following the only California case squarely on point at the time of the challenged ruling, we are obliged to apply federal law as it exists today. The clear teaching of the Supreme Court is that 9 U.S.C. § 2 (1982) does not permit state law to carve out exceptions from arbitration merely because the state may prefer to have its citizens present their controversies in the court system. If the contract is one "involving commerce," then the question of arbitrability is controlled by federal law and not by state law. *See Southland,* 465 U.S. at 16, 104 S.Ct. at 861.

Accordingly, the order denying the stay is vacated and the cause is remanded with instructions to stay the proceedings pending arbitration.

VACATED and REMANDED.