Bruce T. JORGENS; et al.,
Plaintiffs—Appellants,

and

Sheryl Stover, Plaintiff,

v.

Donald A. JANKE; et al., Defendants—
Appellees.

No. 02–35479.

D.C. No. CV–98–00422–FVS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Oct. 3, 2003.

Before THOMPSON, HAWKINS, and
BERZON, Circuit Judges.

MEMORANDUM*

Bruce Jorgens, David Schmidt, and William Albach ("Investors") appeal the district court's order staying their securities fraud action pending arbitration. At issue was whether defendant Matthew Matern is entitled to invoke the arbitration provision contained in the merger agreement between his principal, Internet Ventures, Inc. ("IVI"), and Investors. As Matern was so entitled, we affirm, for the following reasons:

1. The parties disagree as to which decisionmaker—the district court or the arbitrator—should have decided whether Matern was entitled to invoke the arbitration clause. Under either federal or state law the district court was the proper decisionmaker.

Under federal law, unless the parties "clearly agree" to submit a question of arbitrability to the arbitrator, the district court must decide the issue. *See First Options of Chicago v. Kaplan,* 514 U.S. 938, 945–46, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Here, Investors contend that they entered into an agreement with IVI, not Matern. So, even though the arbitration provision states generally that the is-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sue of arbitrability is to be submitted to arbitration, Investors did not "clearly agree" that Matern could invoke the arbitration provision at all and thus did not "clearly agree" to submit to arbitration the question of whether he could. Under state law, "the question of whether a non-signatory is a party to an arbitration agreement is one for the trial court in the first instance." *See Am. Builder's Assn. v. Au–Yang,* 226 Cal.App.3d 170, 179, 276 Cal. Rptr. 262 (Cal.Ct.App.1990).

■ The question of whether Matern could invoke the arbitration clause was therefore properly before and decided by the district court. We review that decision de novo. *See Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1380 (9th Cir.1997).

We note in addition that the arbitrator decided that the parties had submitted the issue of Matern's authority to invoke the arbitration clause to the district court, thereby waiving any right they may have had to refer it to arbitration. Thus, we would reach the same result regarding the district court's authority to decide this question if we thought the issue was ordinarily one for the arbitrator. The arbitrator decided that in this instance it was not, and we would be bound by that conclusion.

2. Under California law, an agent may invoke the arbitration provision of his principal provided that the subject matter of the dispute falls within the scope of the arbitration agreement. *See, e.g., Valley Casework, Inc. v. Comfort Constr., Inc.,* 76 Cal.App.4th 1013, 1021, 90 Cal.Rptr.2d 779 (Cal.Ct.App.1999) (citing *Dryer v. L.A. Rams,* 40 Cal.3d 406, 418, 220 Cal.Rptr. 807, 709 P.2d 826 (Cal.1985)). As federal law is the same, *see, e.g., Letizia v. Prudential Bache Sec., Inc.,* 802 F.2d 1185, 1187 (9th Cir.1986), we need not decide whether state or federal law applies to the question whether agents may invoke an arbitration agreement entered into by their principals.

■ That the arbitration agreement in this instance is limited to disputes "between the parties" to the agreement does not alter our conclusion. The cases holding that agents may invoke an arbitration clause in certain instances in essence treat the agent as a party for purposes of the arbitration provision. *Cf. Thomas v. Perry,* 200 Cal.App.3d 510, 516, 246 Cal.Rptr. 156 (Cal.Ct.App.1988) (holding that under both state and federal law, an agent of a "member" may invoke an arbitration provision limited to "[a]ny controversy between a registered representative and any member or member organization"). The general "No Third Party Rights" provision also does not suffice to preclude Matern's invocation of the arbitration clause. That provision refers to third party beneficiaries, not agents of the parties. *See, e.g., Britton v. Co–op Banking Group,* 4 F.3d 742, 744 (9th Cir.1993).

We therefore AFFIRM the district court's Order Compelling Arbitration.