**PACIFIC UNIDATA LTD, Plaintiff,**

v.

**AVON PRODUCTS INC, Cross-claimant–Appellee,**

v.

**Unidata Inc, Third-party-defendant–Appellant,**

and

**Jenkon Data Systems Inc, a Washington corporation, Defendant–cross-defendant–3rd–party–plaintiff.**

No. 03–35324.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 5, 2004.*

Decided Aug. 10, 2004.

Paul R. Taylor, Esq., Sharon M. Glenn, Esq., Byrnes & Keller LLP, Seattle, WA, for Cross–claimant–Appellee.

Mark A. Flagel, Esq., Charles W. Cox, II, Esq., Daniel A. Beck, Esq., Latham &

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Watkins, Los Angeles, CA, William K. Rasmussen, Esq., Davis, Wright & Tremaine, Seattle, WA, for Third–party–defendant–Appellant.

J. D. Nellor, Esq., Morse & Bratt, Vancouver, WA, Stephen M. Feldman, Esq., Perkins Coie, LLP, Portland, OR, for Defendant–cross–defendant–third–party–plaintiff.

Before: KLEINFELD and CALLAHAN, Circuit Judges, and BERTELSMAN,** District Judge.

### MEMORANDUM ***

Unidata appeals the denial of its motion to compel arbitration. Because neither the 1993 distribution agreement nor the 1996 licensing agreement requires arbitration of Avon's claims against Unidata, we affirm.

■ A party cannot be required to arbitrate unless that party has agreed to do so.[1] Avon was not a party to the 1993 distribution agreement, which bound only Unidata and Jenkon. Nor is there any evidence that Avon intended to assume the obligations of the 1993 agreement or that it knowingly accepted a direct benefit under that agreement such that it is now estopped from denying its obligations. Thus, while non-parties can be bound by arbitration agreements "under ordinary contract and agency principles," there is no support for Unidata's argument that Avon is bound by the 1993 agreement and its arbitration clause.[2]

■ The 1996 licensing agreement, to which Avon was a party, involved a separate transaction from the 1995 purchase that led to Avon's claims against Unidata. Therefore, unless the terms of the arbitration clause in the 1996 agreement expressly require the parties to arbitrate claims involving the separate 1995 transaction, that clause can have no effect on Avon's claims in this case.[3] Those terms only require arbitration if the claims are ones "arising out of or relating to" the 1996 agreement. Avon's claims had already arisen, and the relevant litigation had already begun, by the time of the 1996 purchase and agreement. Had the parties intended the arbitration agreement to cover claims arising out of the ongoing dispute, they would have said so. The claims did not arise from or relate to the 1996 transaction, so the arbitration clause in the 1996 agreement does not apply to this case.

AFFIRMED.

---

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 293, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002).

2. *Leitizia v. Prudential Bache Securities, Inc.,* 802 F.2d 1185, 1187 (9th Cir.1986).

3. *See Int'l Ambassador Programs, Inc. v. Archexpo,* 68 F.3d 337, 340 (9th Cir.1995).