OPINION
{¶ 1} Ernest Genaw is appealing the judgment of the Montgomery County Common Pleas Court, which dismissed Genaw's complaint, finding that it was subject to an arbitration agreement.
 {¶ 2} Ernest Genaw had invested funds with Westminster Financial (hereinafter "Westminster") for several years. In 1999, Michael Lieb, an employee of Westminster, took over the management of Genaw's financial accounts. Lieb continued managing Genaw's accounts until 2003. During the course of Genaw's business dealings with Westminster, Genaw signed five separate agreement forms with Westminster, all of which contained arbitration agreements. On one of the arbitration agreements that was signed on September 12, 2001, Lieb was the signatory agent for Westminster. The arbitration clauses mandated that "any controversy between us arising out of your business or this agreement" was to be submitted to binding arbitration before the National Association of Securities Dealers (hereinafter "NASD"). The arbitration clauses were set out in the agreements Genaw signed in capital letters with some additional wording in bold print.
 {¶ 3} In 2002, Genaw became dissatisfied with the transactions Lieb was performing on his account. Genaw alleges Lieb took several wrongful commissions and other fees that caused him substantial damage. Genaw eventually took his funds from Westminster to a new financial advisor.
 {¶ 4} As a result of these events, Genaw filed this lawsuit against Lieb in which he raised claims of negligence, fraud, breach of fiduciary duty, negligent misrepresentation, conversion and violation of the Ohio Consumer Sales Practices Act. Lieb countered with a motion to dismiss the complaint and compel arbitration because the claims were subject to the mandatory arbitration agreements Genaw had signed. The trial court granted Lieb's motion and dismissed Genaw's complaint without prejudice. Genaw now files this appeal from the trial court's judgment, raising the following assignments of error.
 {¶ 5} "1. Plaintiff-appellant claims that the trial court erred as a matter of law when it dismissed his complaint pursuant to O.R.C. 2711.02(B) rather than merely staying this case pending the outcome of arbitration. * * *
 {¶ 6} "2. Plaintiff-appellant claims that the trial court erred as a matter of law when it held that defendant-appellee had standing to enforce the terms of the contracts at issue. * * *
 {¶ 7} "3. Plaintiff-appellant claims that the trial court erred as a matter of law when it held that the arbitration clauses in the contracts at issue applied to the plaintiff-appellant's claims against defendant-appellee. * * *
 {¶ 8} "4. Plaintiff-appellant claims that the trial court erred as a matter of law when it failed to conduct a hearing on the issue of the unconscionability of the arbitration clauses in the contracts at issue."
 {¶ 9} As all of Genaw's assignments of error stem from the application of the arbitration clause of the contract to his claims against Lieb, we will first address the second and third assignments of error to determine whether the trial court erred in determining that Genaw's claims against Lieb were subject to the arbitration clauses.
 {¶ 10} Appellant's second assignment of error:
 {¶ 11} Genaw argues that the trial court erred in determining that Lieb had standing to enforce the arbitration clause in the signed agreement between Genaw and Westminster because Lieb was not a party to the agreement. We disagree.
 {¶ 12} Arbitration has long been a favored Ohio policy as "an efficient and economical alternative dispute resolution mechanism," and thus, it has enjoyed a presumption in its favor. Gujrati v. Dech (Aug. 16, 1995), Summit App. No. 16966; Schaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 711-712; Gaffney v. Powell (1995),107 Ohio App.3d 315, 320; Cleveland Police Patrolmen's Assn. v.Cleveland (1994), 95 Ohio App.3d 645, 651. Moreover, the Federal government has declared a national policy in favor of arbitration through the Federal Arbitration Act, 9 USC § 1. Yet, even though policy favors arbitration, a party may not be required to submit to arbitration absent an agreement to do so. ATT Technologies. v. Communications Workers ofAm. (1986), 475 U.S. 643, 648. Therefore, the duty to arbitrate arises from and depends upon the contract into which the parties entered. Roney Co. v. Kassab (C.A. 6, 1992), 981 F.2d 894, 897.
 {¶ 13} Several courts have addressed situations in which a nonsignatory agent of the party to the contract sought to enforce the arbitration clause of the contract. Arnold v. Arnold Corp. (C.A.6, 1990), 920 F.2d 1269, 1281; Letizia v. Prudential Bache Securities, Inc.
(C.A. 9, 1986), 802 F.2d 1185; Lee v. Chica (C.A.8, 1993), 983 F.2d 883,886; Nesslage v. York Securities, Inc. (C.A.8, 1987), 823 F.2d 231, 233;Lehman v. Detray Investment Group (N.D.Ohio 2004), 2004 WL 1474651;Pritzker v. Merrill Lynch, Pierce, Fenner Smith, Inc. (C.A.3, 1993),7 F.3d 1110, 1121-22. The issue was addressed in Letizia, wherein the federal appellate court found that a broker's employees, who were not signatories on the brokerage agreement, were still entitled to enforce the agreement's arbitration clause in a plaintiff's action against the broker and the employees. Letizia, 802F.2d at 1187-1188.
 {¶ 14} In Arnold, the U.S. Sixth Circuit Court of Appeals agreed with the view expressed in Letizia. Arnold, 920 F.2d at 1281-1282. In Arnold,
the court addressed a situation in which a stock purchaser sued a corporation and its officers alleging securities violations. Id. TheArnold officers sought to enforce the arbitration clause in the stock purchase agreement, but the stock purchaser argued that the arbitration clause could not be enforced by the individual officers because they were not parties to the contract. Id. In fact, the plaintiff in Arnold had specifically sued nonsignatory defendants in an attempt to avoid the having to arbitrate the dispute. Id. at 1281. In Arnold, the court found that the basic intent of the parties contracting to the stock purchase agreement was to have a single arbitral forum for all disputes that arose out of the agreement. Id. at 1282.
 {¶ 15} In both Letizia and Arnold, the individual defendants' allegedly wrongful acts related to their actions as agents of the company that was a party to the arbitration agreement. In both Letizia andArnold, the federal appellate courts concluded that the nonsignatory agents should have the benefits of the arbitration agreements made by their principal .
 {¶ 16} Also, Ohio's Ninth District Court of Appeals has addressed this issue in Manos v. Vizar (July 9, 1997), Medina App. No. 96 CA 2581-M. InManos, the plaintiffs contracted with a home inspection company for an inspection of their home. The contract contained a provision for arbitration of any disputes that arose under the contract. Id. The Manoses then sued the company and Vizar, an employee of the company that performed the inspection, for negligence. Id. The arbitration clause stated that, "any dispute between the parties shall be settled by arbitration before the American Arbitration Association." Id. The court found that this language indicated an intent on behalf of the parties "to provide a single arbitral forum to resolve all disputes arising as a result of the home inspection." Id. The Manos court held that traditional agency theory "binds a non-party agent to the terms of an arbitration agreement made by his principal if the agent's actions served as the basis for his potential liability." Id. The court also noted that a plaintiff cannot be permitted to avoid a contract to arbitrate a dispute simply by suing an individual nonsignatory agent separately from the contracting employer. Id. See also, Arnold at 1281.
 {¶ 17} Also, the Western Division of the U.S. District Court for the Northern District of Ohio in Lehman v. Detray Investment Group (N.D.Ohio 2004), 2004 WL 1474651, decided a similar case involving an investor suing her investment advisor in her individual capacity in order to avoid the arbitration clause in the account agreements signed by the investor and the investment company. The Lehman court noted that the distinction between attempting to recover from the investment account company and the individual advisor is irrelevant. Id. at *2. Relying on the Arnold
decision, the Lehman court held that the nonsignatory agent to the arbitration agreement between the investor and the agent's principal company can enforce the arbitration clause against the investor. Id. TheLehman court noted this was particularly true in the situation in which the agent signed the agreement on behalf of the company. Id. at *3.
 {¶ 18} In the instant case, Genaw attempts to make the same distinction as the plaintiffs in Letizia, Arnold, Manos, and Lehman, in particular that the mandatory arbitration clauses in the agreements he signed with Westminster do not apply to his suit against the nonsignatory individual agent employee, Lieb. However, we agree with the reasoning in those cases and disagree with Genaw's argument.
 {¶ 19} In this case, Genaw signed several agreements with Westminster, including one in which Lieb was a signatory agent signing on behalf of Westminster. The arbitration provision of that agreement stated,
 {¶ 20} "Arbitration is final and binding on the parties.
 {¶ 21} "The parties are waiving their right to seek remedies in court, including the right to a jury trial.
 {¶ 22} "* * *
 {¶ 23} "It is agreed that any controversy between us arising out of your business or this agreement shall be submitted to arbitration conducted before the national association of securities dealers, inc. and in accordance with its rules. * * *"
 {¶ 24} We agree with the above discussed courts that a plaintiff cannot avoid an arbitration agreement by naming nonsignatory agents or signatory agents in their individual capacity. Genaw is seeking to do just that by suing Lieb and not Westminster. To find to the contrary, contradicts the strong federal and Ohio policies in favor of arbitration. We agree that under agency principles that a nonsignatory agent may enforce an arbitration agreement between a plaintiff and the agent's principal when, as in this case, the alleged misconduct arose out of the agency relationship. Genaw's claims stem from the alleged misconduct of Lieb in investing Genaw's funds on behalf of Westminster. Thus, any misconduct on the part of Lieb arose from his duties as Westminster's agent. Therefore, Lieb could enforce the arbitration agreement between Wesminster and Genaw. Therefore, we cannot find that the trial court erred in determining that Lieb could require that Genaw's claim against him be settled in arbitration pursuant to the arbitration agreement. Genaw's second assignment of error is without merit and is overruled.
 {¶ 25} Appellant's third assignment of error:
 {¶ 26} Similar to his second assignment of error, Genaw argues that his claims do not come within the purview of the arbitration clause because the agreement requires mandatory arbitration of any controversy arising out of the dealings between the parties. Further, Genaw asserts Lieb was not a party to the agreement. We disagree.
 {¶ 27} Broadly worded arbitration agreements have been found to favor arbitration. Stout v. J.D. Byrider (N.D.Ohio 1999), 50 F.Supp.2d 733,738 (finding mandatory arbitration where the arbitration agreement required the parties to arbitrate "all disputes"); Manos, supra (finding that the contract term "any dispute between the parties" favored requiring the claims to be settled through arbitration).
 {¶ 28} In this case, the arbitration agreement, which Lieb signed on behalf of Westminster, required arbitration for "any controversy between or among the undersigned, Pershing, and [Westminster] or any of them arising out of Pershing's or [Westminster's] business or this agreement, shall be submitted to arbitration." Genaw argues that his claims are not covered under the arbitration agreement because the arbitration clause only covers controversies between the parties to the agreement and Lieb is not a party to the agreement. However, as we said in the previous assignment of error, the arbitration agreement covers nonsignatory agents such as Lieb as if they were parties to the agreement. In this assignment of error, Genaw is merely trying to argue again the second assignment of error. Thus, we reach the same conclusion. As we said in the second assignment of error, the arbitration agreement covers nonsignatory agents, such as Lieb, when their liability arises from their employment. Similarly, the claims raised by Genaw are covered by the arbitration agreement so long as they arose from Lieb's employment. This is certainly true in this case where Genaw's claims arise out of Lieb's alleged mishandling of Genaw's funds invested with Westminster. We cannot say that the trial court erred in concluding that Genaw's claims are encompassed by the arbitration agreement. Genaw's third assignment of error is without merit and is overruled.
 {¶ 29} Appellant's first assignment of error:
 {¶ 30} Genaw argues that the trial court erred by dismissing his case pending arbitration rather than staying the action pending arbitration because R.C. 2711.02(B) only allows for staying actions pending arbitration. We do not find that the court erred in dismissing the complaint when the Federal Arbitration Act permits the dismissal of a case pending arbitration.
 {¶ 31} Under the Federal Arbitration Act, a complaint should be dismissed where all of the issues raised in the lower court must be submitted to arbitration. Alford v. Dean Witter Reynolds, Inc. (C.A.5, 1992), 975 F.2d 1161, 1164; Green v. Ameritech Corp. (C.A.6, 2000),200 F.3d 967, 973; Hensel v. Cargill, Inc. (C.A.6, 1999), 198 F.3d 245;Sparling v. Hoffman Const. Co., Inc. (C.A.9, 1988), 864 F.2d 635, 638. Similarly, the Ninth District Court of Appeals has stated that if there are no issues pending before the court that are not referable to arbitration, then the trial court may properly dismiss the case in its entirety. Hermes v. Prudential Ins. Financial Serv. (1996),109 Ohio App.3d 309, 311. Likewise, the district court for the Northern District of Ohio dismissed a similar case when it discovered that the entire controversy was subject to arbitration, finding no need for the case to remain on the docket pending arbitration. City ofPainesville v. Schulte (N.D. Ohio 1994), 1994 WL 447090.
 {¶ 32} In this case, the arbitration agreement provides for arbitration of "any controversy," which would include all of the claims Genaw has raised in his lawsuit. Therefore, no issues remain to be determined by the trial court. There is no need for the action to be stayed pending arbitration and remain on the court's active docket. Thus, we see no error in the trial court's dismissal of Genaw's claims without prejudice pending arbitration. Genaw's first assignment of error is without merit and is overruled.
 {¶ 33} Appellant's fourth assignment of error:
 {¶ 34} Genaw argues that the trial court erred in failing to hold a hearing on the unconscionability of the arbitration agreements. We disagree.
 {¶ 35} Pursuant to R.C. 2711.01, agreements to arbitrate a controversy are "valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." Therefore, if an arbitration provision of a contract is unconscionable or amounts to an adhesion contract, it is unenforceable. Williams v. Aetna Fin. Co.,83 Ohio St.3d 464, 471-73, 1998-Ohio-294. In order to raise the issue of the possible unconscionability of a contract or that a contract is adhesive in its nature, a plaintiff must show that "(1) the contract terms are one-sided or unreasonably favorable to the other party, (2) that disparity between the parties' bargaining power denies the less advantaged party meaningful choice in accepting the terms of the contract, and (3) that the less advantaged party cannot obtain their desired product or services except by acquiescing in form contract." Hagav. Martin Homes, Inc. (Aug. 4, 2000) Tuscarawas App. No. 2000AP020018, quoting Stout, 50 F.Supp.2d at 739.
 {¶ 36} Genaw argues that the arbitration clause in this case was unconscionable because the contract was preprinted and denies him his "day in court." However, all arbitration clauses are attempts to avoid bringing an action to court. Further, the arbitration clause that Genaw signed clearly stated that he was waiving his right to "seek remedies in court, including the right to a jury trial." Genaw is still permitted to seek a remedy from Lieb. He is just simply limited to arbitration for that remedy. Unlike other cases in which the costs of arbitration significantly outweigh the costs of bringing an action in the common pleas court, this is not the case here. Although Genaw claims he will be subject to a $1,700 filing fee if he brings a claim to arbitration, this is not true because this filing fee only applies to claims far in excess of the amount he seeks. Thus, there is no evidence in this case that Genaw will be subject to excessive fees if he pursues a claim against Lieb in arbitration.
 {¶ 37} Genaw additionally argues that there was a vast disparity in the bargaining power between the parties to the arbitration clause. Genaw argues that he could only obtain the services he desired by signing the arbitration agreement. While it may be true that Genaw could only receive the services he desired from Westminster by signing the contract, Genaw was certainly free to utilize any of the several other investing companies in the area to receive the services he desired. Further, Genaw complains that Westminster failed to explain the arbitration clause and its meaning. However, the arbitration agreement portion of the contract Genaw signed with Westminster was in bold print and capital letters, clearly stating that Genaw was waiving his right to bring to court any claims that arose out of a dispute between the parties. The contract plainly stated that any controversy that arose from the business dealings between Westminster and Genaw would be resolved through arbitration. Moreover, Genaw received copies of the contract with the arbitration agreement.
 {¶ 38} Having reviewed the evidence presented to the trial court of the arbitration agreement and the facts surrounding the signing of the agreement, we cannot say that the trial court erred in concluding that the arbitration agreement was not unconscionable and refusing to hold a hearing on the issue of its unconscionability. Genaw's fourth assignment of error is without merit and is overruled.
 {¶ 39} The judgment of the trial court is affirmed.
Brogan, P.J. and Wolff, J., concur.