**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WIMBLEDON FINANCING MASTER FUND, LTD, a Cayman Islands company and STILLWATER MARKET NEUTRAL FUND III SPC, a Cayman Islands company, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> DAVID MOLNER, an individual; et al., <br><br> Defendants - Appellants, <br><br> And <br><br> ARAMID ENTERTAINMENT FUND LIMITED, <br><br> Defendant. | No. 12-56328 <br><br> D.C. No. 2:11-cv-07695-GW-E <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 5, 2014[]
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND, Chief District Judge.[***]

In their Second Amended Complaint, Wimbledon Financing Master Fund Limited and Stillwater Market Neutral Fund III SPC (collectively "Plaintiffs") alleged claims for (1) breach of fiduciary duty, (2) breach of the covenant of good faith and fair dealing, and (3) fraud. Defendants Aramid Entertainment Fund, Screen Capital International Corporation, Aramid Capital Partners, and David Molner (collectively "Defendants") filed a motion to compel arbitration of those claims. The district court denied Defendants' motion. Reviewing de novo, *Bushley v. Credit Suisse First Boston*, 360 F.3d 1149, 1152 (9th Cir. 2004), we affirm.

The parties agree the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. §§ 201-208) controls the agreement at issue. Although an agreement in writing may obligate the parties *to the agreement* to arbitrate their claims, *see Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654 (9th Cir. 2009), Plaintiffs are not signatories to the agreement.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Morrison C. England, Jr., Chief District Judge for the U.S. District Court for the Eastern District of California, sitting by designation.

Defendants have not alleged a contract or agency theory to bind Plaintiffs to the terms of an arbitration agreement they did not sign. *See id.* at 655; *Letizia v. Prudential Bache Secs., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986) ("nonsignatories of arbitration agreements" bound by such agreements to the extent "ordinary contract and agency principles" would bind them). Defendants offer no controlling law establishing their novel derivative theory as a viable means to bind nonsignatories to arbitration agreements.

**AFFIRMED.**