BEIM, Appellant,

v.

JEMO ASSOCIATES, INC. et al., Appellees.

[Cite as *Beim v. Jemo Associates, Inc.* (1989), 61 Ohio App.3d 380.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–452.

Decided April 4, 1989.

*Boyd & Boyd* and *James D. Owen,* for appellant.

*Earl, Warburton & Adams* and *Andrew S. Adams; Squire, Sanders & Dempsey* and *William A. Klatt*, for appellees.

---

STRAUSBAUGH, Judge.

This is an appeal by plaintiff from a judgment of the court of common pleas vacating partial summary judgment in favor of plaintiff and issuing a directed verdict in favor of defendants on the issue of slander.

In early November 1984, defendant Robert L. Jerles acquired the franchise of the Columbus Capitals, a professional indoor soccer team. Prior to this acquisition, plaintiff, George Beim, had been employed by the previous owner as coach and general manager. After the change in ownership, plaintiff requested a written statement from defendant Jerles regarding their oral employment agreement and specifically stating that plaintiff be hired for a period of two years. In February 1985, plaintiff was relieved of his coaching responsibilities and permitted to concentrate his efforts on his responsibilities as general manager. Subsequently, in August 1985, plaintiff was dismissed from his employment with the Columbus Capitals. Apparently at the time of dismissal, defendant Jerles discussed with plaintiff, in the presence of a third party, Steve Boone, the reasons for plaintiff being relieved from his employment. Defendant Jerles at that time stated that plaintiff had committed acts of embezzlement making reference to some acts of misappropriation of office supplies and plaintiff's use of company time for the purpose of personal business ventures.

Plaintiff filed a complaint on November 21, 1985 against defendants Jemo Associates, Inc. and Robert L. Jerles alleging breach of an employment contract. On January 15, 1986, defendant Scoreboard Management Company, Inc. was made a new party defendant which later initiated a separate suit against plaintiff alleging misappropriation of company assets and interference with company business arrangements. On February 27, 1987, plaintiff filed an amended complaint against all defendants setting forth a second cause of action for defamation.

On October 2, 1986, plaintiff filed a motion for partial summary judgment relating to the breach of contract portion of the complaint. However, plaintiff failed to comply with local court rules and did not obtain a non-oral hearing date. On January 20, 1987, the trial court issued a decision sustaining plaintiff's motion for partial summary judgment. Subsequently, defendants orally moved for reconsideration of the trial court's decision. After an oral hearing, the trial court vacated its decision granting partial summary judgment in favor of plaintiff which was reflected in an entry dated February 9, 1987.

On March 22, 1988, the case was tried before a jury. At the close of plaintiff's case, the trial court directed a verdict in favor of defendants on plaintiff's claim of defamation. Thereafter, the jury rendered a verdict in favor of defendants as to the claim for breach of contract.

On appeal, plaintiff asserts three assignments of error for our review:

"1. The court erred in vacating partial summary judgment *sua sponte* without a motion filed and/or hearing held pursuant to Ohio Civil Rules 60(B) and 7(B).

"2. The court erred in admitting irrelevant, hearsay testimony offered by defendant-appellee Jemo Associates, Inc., suggesting that plaintiff-appellant stole a television set when there was no first hand knowledge that a television set was stolen, or, if so, whether plaintiff-appellant stole it.

"3. The court erred in sustaining the motion of defendant-appellees to dismiss count two of the amended complaint."

■ Initially, plaintiff insists that the trial court erred in vacating its decision sustaining plaintiff's motion for partial summary judgment since the mandate of Civ.R. 60(B), requiring a written motion to be made to vacate judgment, was not complied with. Civ.R. 60(B) provides in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final judgment*, order or proceeding * * *.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." (Emphasis added.)

Thus, it is clear that in order for the requirement of Civ.R. 60(B) to be imposed upon a party, there must be a final order.

In the present case, the trial court issued a decision granting plaintiff's motion for partial summary judgment but the trial court never issued a journal entry to that effect so as to render it a judgment pursuant to Civ.R. 54(B). Following an oral motion at a subsequent hearing, the trial court issued an order which vacated its decision on the basis that partial summary judgment had been improperly granted since there had been no notice of non-oral hearing as required by Loc.R. 25.03 of the Court of Common Pleas of Franklin County, General Division. We find the trial court's action vacating the earlier decision granting partial summary judgment to be within its discretion since no final judgment had yet been rendered.

Plaintiff has directed this court's attention to *Cale Products, Inc. v. Orrville Bronze & Alum. Co.* (1982), 8 Ohio App.3d 375, 8 OBR 489, 457 N.E.2d 854, which we find to be in accord with our decision herein. The court in *Cale Products* held that *following a final judgment*, the Civil Rules govern modification and the trial court is without authority to modify a

judgment in a method not authorized by the Civil Rules. However, as we have determined that the trial court's decision granting partial summary judgment was never a final judgment, there exists no conflict between the two cases. Therefore, plaintiff's first assignment of error is not well-taken and is overruled.

By way of his second assignment of error, plaintiff argues that testimony was allowed before the jury which was improper on the bases that it was irrelevant and hearsay. Plaintiff insists that this testimony was prejudicial as it implied that plaintiff had stolen a television set, a fact of which the witness had no personal knowledge and which was irrelevant to his claim for breach of an employment contract.

With regard to whether the testifying witness had personal knowledge, Evid.R. 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. * * *" It is clear in this case that the witness, Robert L. Jerles, by virtue of his position as owner of the team, was testifying, subject to cross-examination, regarding matters within his personal knowledge. Jerles testified as to whether the franchise was forced to incur a loss for the amount of the purchase price of a television set owned by the Arlington Arms Hotel found to be in the team's possession. Further, we find such testimony to be relevant in determining dismissal for cause in a breach of employment contract case since such testimony reflects upon the plaintiff's management of the business aspects of the team. Upon review of the testimony, we conclude that the prejudicial effect which plaintiff claims arises by virtue of an underlying implication that he stole the television set is remote. Even if such testimony were somehow prejudicial, there is sufficient evidence supporting the jury's verdict that plaintiff was properly dismissed for cause on the basis of his poor business management skills. We find plaintiff's second assignment of error to be without merit and it is, therefore, overruled.

Finally, in his third assignment of error, plaintiff contends that the trial court erred in sustaining defendants' motion to dismiss that portion of plaintiff's amended complaint which alleged defendant Jerles had made defamatory remarks in the presence of a third party. In an action for defamation, the plaintiff's prima facie case is established when he has shown: defendant has made a publication to a third person; the third person understood the defamatory meaning of the publication; the actionable character of the words. *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 243, 72 O.O.2d 134, 137, 331 N.E.2d 713, 718.

Initially, we do not believe that the remarks which plaintiff claims were defamatory qualify as such, since the "publication" was marginal, being made only in the presence of plaintiff and his immediate supervisor. See *Lahrmer v. Jerrico, Inc.* (Oct. 27, 1983), Franklin App. No. 83AP-332, unreported, 1983 WL 3742. Nonetheless, we find that plaintiff's assigned error is without merit on the basis that it is qualifiedly privileged. In the area of defamation or slander there exists, in certain circumstances, a qualified or conditionally privileged communication which has been defined as:

" ' * * * [O]ne made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest. *The essential elements thereof are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only.*' (Emphasis added.)" *Hahn, supra,* 43 Ohio St.2d at 244, 72 O.O.2d at 138–139, 331 N.E.2d at 718–719.

In the present case, the statements which plaintiff contends were defamatory were made concerning the activities of the plaintiff arising out of his employment with defendants. These statements were not directed to plaintiff as an individual separate from his employment with defendants but instead arose out of matters concerning a common business interest, that of misappropriation of office supplies and funds, and are therefore covered by a qualified privilege. *Evely v. Carlon Co.* (1983), 4 Ohio St.3d 163, 4 OBR 404, 447 N.E.2d 1290. As such, there must be a showing of actual malice in order for plaintiff to prevail. *Id.*

Plaintiff insists that actual malice is present in this case since, contrary to the advice of defendant Jerles's personal attorney, plaintiff was told that defendants were strongly considering pressing criminal charges against him. In *Hahn, supra,* 43 Ohio St.2d at 248, 72 O.O.2d at 141, 331 N.E.2d at 721, the Supreme Court set forth the requirements to prove actual malice:

" ' '' * * * In the case of a privileged communication, however, express malice as distinguished from malice in law must be shown; that is to say, if the occasion be privileged, the plaintiff may not recover, although he proves that defendant used language actionable per se and that the same was false, unless he goes further and shows *that in using same, defendant was moved by actual malice, such as ill will, spite, grudge or some ulterior motive.*" ' (Emphasis added.)"

Upon review of the evidence, we find that plaintiff failed to sustain his burden that defendant Jerles's remarks were made with actual malice. We

believe that, even though Jerles's attorney suggested he refrain from making the statement, plaintiff failed to support a claim that Jerles did not have a good faith belief when he made the statement that defendants could in fact pursue such a course of action against plaintiff for embezzlement of company property and funds. Consequently, we agree with the trial court's decision that defendants were entitled to judgment as a matter of law on the issue of defamation and plaintiff's third assignment of error is, therefore, overruled.

For the foregoing reasons, plaintiff's three assignments of error are over-ruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRYANT and MARTIN, JJ., concur.

JOHN D. MARTIN, J., of the Court of Common Pleas of Fairfield County, sitting by assignment.