DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Jeffrey Miller, executor of the estate of Max Dunn ("executor"), has appealed from an order of the Summit County Common Pleas Court that he pay $1822.43 to plaintiffs Gordon and Joyce Mork. He has argued: (1) that the trial court had no procedural basis on which to modify its prior final judgment; (2) that the trial court had no substantive grounds to support its award; and (3) that the trial court's prior judgment was unwarranted. This Court reverses the trial court's judgment because the court was without authority to add an award of damages to its prior final judgment.
 I.
During August 1975, the Morks entered into a land installment contract with Mr. Dunn for the purchase of several adjoining parcels of property at the intersection of Biruta and Maxen Avenues in Akron. The Morks agreed to make monthly payments of at least $1200, and Mr. Dunn agreed to pay the property taxes. The Morks made monthly payments to Mr. Dunn for the next twenty years.
During April 1995, Mrs. Monk sent two checks to Mr. Dunn, as had been her practice, one for $965.96 and one for $967.64. The second check included the notation, "Last Pmt/LC Biruta/Maxen." The checks were accompanied by a letter from Mrs. Mork in which she asked Mr. Dunn to prepare a deed conveying the properties to the Morks. Mr. Dunn apparently did not agree that the two checks represented full payment of the outstanding balance. He wrote the Morks a letter in which he indicated that he disputed the amount owed on the properties. Shortly thereafter, he drew two lines through the notation on the second check and cashed both checks. He did not convey the title or deed to the Morks.
The Morks brought this action against Mr. Dunn on June 19, 1995. They alleged that they had made all payments due under the contract, and that Mr. Dunn had refused to convey the deed and good title to the property to them. Mr. Dunn counterclaimed, alleging that the Morks had not fulfilled their obligation to reimburse him for the property taxes he had paid. The parties[1] eventually agreed to have the matter decided on briefs.
The trial court found that the executor's counterclaim for unpaid property taxes was barred by the doctrine of accord and satisfaction. It further found in favor of the Morks on their claim and ordered the executor to "deed the subject property to Plaintiffs, provide a guaranteed title with respect to the subject property, and fulfill his obligations under the land contract." The trial court reserved ruling on the issue of $522.46 that the Morks were seeking as reimbursement for tax penalties they had paid because of a property tax delinquency.
On October 29, 1996, the trial court held a hearing to determine whether the Morks were entitled to recover attorney fees or the penalty they had paid due to the property tax delinquency. On November 19, 1996, the trial court denied the Morks' claims for attorney fees and reimbursement for the tax penalty. The trial court again ordered the executor to transfer title to the properties.
The executor still failed to transfer title to the Morks. On December 27, 1996, the Morks moved the trial court to "enforce compliance" with its prior orders to transfer title. They also moved "for modification of the Court's orders." The "modification" the Morks sought was addition of a damage award in the amount of $1822.43. For the first time, they argued that they were entitled to be reimbursed for property taxes they had allegedly paid that should have been paid by Mr. Dunn. On February 6, 1997, the trial court modified its prior judgment and awarded the Morks $1822.43. The executor timely appealed to this Court.
 II. A.
The executor's first assignment of error is that the trial court was without authority to modify its November 19, 1996, order to add a damage award of $1822.43.
The parties agree that the November 19, 1996, order resolved all the claims between the parties and, therefore, was final. The Morks did not rely upon Rule 60(A) or 60(B) of the Ohio Rules of Civil Procedure in seeking modification of that final order, nor did they request a new "trial" pursuant to Rule 59 of the Ohio Rules of Civil Procedure. Accordingly, the trial court was without authority to modify its prior final judgment. See Beim v.Jemo Associates, Inc. (1989), 61 Ohio App.3d 380, 383-384.
The Morks have asserted on appeal that reimbursement of the $1822.43 was inherent in their original claim for relief, and in the trial court's final judgment, because it was understood to be part of the transaction transferring the property to them. They did not, however, request such relief. By their complaint, the Morks alleged only that Mr. Dunn had failed to transfer the deed and title to the property to them and requested an order compelling him to do so. They also prayed for costs, attorney fees, and punitive damages. They did not allege that they had paid property taxes that they should not have, nor did they pray for damages to compensate them for that loss. In their trial brief, the Morks raised an additional issue, which the trial court consequently litigated in a separate hearing: whether they were entitled to compensation for the $522.46 property tax penalty they had paid. It was not until after the November 19, 1996, judgment, however, that they raised the issue of reimbursement for the property taxes they allegedly had paid. Because the trial court had no authority to award these damages after its final judgment in this case, the executor's first assignment of error is sustained.
 B.
The executor's second assignment of error is a challenge to the substantive grounds for the trial court's February 6, 1997, order. This assigned error has been rendered moot by the disposition of the executor's first assignment of error. Accordingly, it is overruled on that basis. See Rule 12(A)(1)(c) of the Ohio Rules of Appellate Procedure. C.
The executor's third assignment of error is a challenge to the trial court's November 19, 1996, final judgment. The executor did not timely appeal from that judgment, and this Court cannot pass on its propriety. The executor's third assignment of error is, therefore, overruled.
 III.
The executor's first assignment of error is sustained. The remaining assignments of error are overruled. The judgment of the trial court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellees.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., J.
REECE, J. CONCUR.
[1] Mr. Dunn passed away while this action was pending, and the executor of his estate was substituted as the defendant.