DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants Philip Dorfman and A. Roger Tsai appeal from a March 31, 1997, judgment of the Summit County Court of Common Pleas that granted Appellee Ronald Routman relief from a March 5, 1996, judgment that dismissed his action against them. We reverse the March 31, 1997, judgment.
On July 23, 1989, a general partnership known as Seneca Trails Partnership was converted into a limited partnership named Seneca Partnership. The new limited partnership was comprised of the same three partners as the former general partnership: Routman, this time as a limited partner, and Stephen Krutowsky and Triad Development as general partners. Triad Development, a general partnership, was comprised of Krutowsky, A. Roger Tsai, and Philip M. Dorfman. The Seneca Partnership Agreement was signed by Routman, Krutowsky personally, and Krutowsky as managing partner of Triad Development.
On July 8, 1993, Routman sent a notice to Krutowsky, Tsai, and Dorfman of his intention to withdraw from Seneca Partnership. Paragraph XII of the partnership agreement provides that a partner may withdraw by giving the other partners sixty days written notice of his intention to do so. Paragraph XII further provides, in part: "If a notice of withdrawal is received, the partners shall initially seek to agree as to a buy-out price or liquidation. [A]ny disputes shall be addressed as set forth in Paragraph XIV, `Arbitration.'"
Paragraph XIV provides:
 "The parties hereby agree to promptly submit any controversy involving the construction or application of any of the terms of this Agreement or the operation or dissolution of the partnership to binding arbitration pursuant to the provisions of Section 2711.01 through 2711.24 of the Ohio Revised Code * * *."
Routman later notified Krutowsky, Tsai, and Dorfman of his desire to enforce the arbitration clause. He apparently received no response. On April 7, 1995, Routman brought this action in the common pleas court, seeking to "enforce" the arbitration agreement against Krutowsky, Triad Development, Tsai, Dorfman, and Howard Mentzer, the receiver of Seneca Partnership and Triad Development.[1]
Dorfman and Tsai raised several defenses including that, because they did not sign the arbitration agreement, it could not be enforced against them. Mentzer moved the trial court to dismiss the action because Seneca Partnership and Triad Development were involved in an ongoing receivership action, CV 3-11-3616. On March 5, 1996, the trial court dismissed this case, CV 93-04-1287, noting that Routman had five days to move to consolidate his case with case CV 93-11-3616. Case CV 93-11-3616 had apparently already been settled and dismissed by the time Routman moved the trial court to consolidate his case with it. On June 17, 1996, therefore, he moved the trial court to reconsider or grant him relief from the March 5, 1996, judgment. The trial court granted Routman relief from judgment and re-instituted his case. Dorfman and Tsai appeal. They have raised the following as error:
 I. THE TRIAL COURT ERRED IN HOLDING THAT TWO INDIVIDUALS WERE PERSONALLY BOUND TO ARBITRATE WHERE NEITHER OF THEM HAD EVER PERSONALLY AGREED IN WRITING TO ARBITRATE.
 II. THE TRIAL COURT ERRED IN HOLDING INDIVIDUAL MEMBERS OF A PARTNERSHIP TO BE PERSONALLY RESPONSIBLE FOR THE DISCHARGE OF A PARTNERSHIP OBLIGATION WHERE THEY HAD NOT ENTERED INTO A SEPARATE OBLIGATION TO PERFORM THE PARTNERSHIP CONTRACT.
 III. UNDER THE CIRCUMSTANCES OF THE CASE, THE TRIAL COURT ERRED IN FAILING TO SPECIFY WHICH, IF ANY, OF THE DEFENDANTS WERE REQUIRED TO ENTER INTO ARBITRATION WITH THE PLAINTIFF.
We will address the first two assignments of error together as they are interrelated. Dorfman and Tsai contend that the trial court erred in vacating its prior dismissal of Routman's action against them. We agree.
Routman sought relief from the trial court's March 5 judgment of dismissal by filing a "Motion for Reconsideration or in the Alternative, Motion for Relief from Judgment." Because a motion for reconsideration in the trial court is a nullity, Pitts v.Dept. of Transp. (1981), 67 Ohio St.2d 378, 381, the trial court must have construed the motion as one filed pursuant to Civil Rule 60(B). Moreover, the trial court had authority to vacate its prior judgment only if it employed one of the means authorized by the Ohio Rules of Civil Procedure. See Beim v. Jemo Associates,Inc. (1989), 61 Ohio App.3d 380, 383-384; Civ.R. 60(B).
To prevail on a motion for relief from judgment, filed pursuant to Civil Rule 60(B), the movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. It is within the trial court's discretion to grant or deny a motion for relief from judgment. See Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
Routman failed to demonstrate to the trial court that he had a meritorious claim against any of the defendants. Specifically, as to Appellants Tsai and Dorfman, they contend that Routman failed to establish that he had a claim against them because they were not parties to the arbitration agreement and Routman cannot compel them to arbitrate. Such a defense was raised in the trial court by Tsai and Dorfman, both through their answer and their brief in opposition to Routman's motion for relief from judgment, but was never addressed by Routman.
On appeal, Routman attempts to demonstrate the merit of his claim against Tsai and Dorfman. This argument not only comes too late, see State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168,170, but it also tends to demonstrate the lack of merit of his claim. Routman has asserted that Tsai and Dorfman are bound by the arbitration agreement because they were "agents" of one of the parties to the arbitration agreement, Triad Development. Dorfman's reliance on agency principles is misplaced. It is true that an agent may take advantage of an arbitration agreement signed by his principal. See, e.g., Manos v. Vizar (July 9, 1997), Medina App. No. 96CA2581-M, unreported; Letizia v.Prudential Bache Securities, Inc. (C.A. 9, 1986), 802 F.2d 1185,1187-1188. That is not the situation before us, however; Routman sought to compel Tsai and Dorfman to arbitrate. It is well settled that a party cannot be compelled to arbitrate a dispute that he has not agreed in writing to arbitrate. See, e.g., Klinev. Oak Ridge Bldrs., Inc. (1995), 102 Ohio App.3d 63, 66; TeramarCorp. v. Rodier Corp. (1987), 40 Ohio App.3d 39, 40.
Although Krutowsky, Triad Development, Seneca Partnership, and Mentzer have not appealed, Routman also failed to demonstrate that he had a meritorious claim against them.[2] Because Routman failed to demonstrate that he had a meritorious claim against the defendants, the trial court abused its discretion in granting him relief from the March 5, 1996, judgment. The first and second assignments of error are sustained.
The third assignment of error has been rendered moot by our disposition of the first two assignments of error. It is overruled accordingly.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ JOHN R. MILLIGAN
FOR THE COURT
BAIRD, P. J.
REECE, J.
CONCUR.
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] Both Seneca Partnership and Triad Development were involved in an ongoing receivership action that had commenced in November 1993.
[2] Routman failed to cite any legal authority to demonstrate that his claim was still viable following the receivership action. Moreover, although not raised by the defendants, Routman failed to demonstrate that Krutowsky had authority to sign the arbitration agreement on behalf of Triad Development. See R.C. 1775.08(C)(5).