OPINION
{¶ 1} For purposes of briefing and argument, these cases were consolidated. The first part of the opinion decides case No. 04AP-377, and the second part decides case No. 04AP-376.
 {¶ 2} Case No. 04AP-377 originated upon the petition of Shirley Hans (nka Stedman) and Joseph A. Hans for dissolution of marriage, which was filed with the Franklin County Court of Common Pleas, Division of Domestic Relations, on May 2, 1977. Pursuant to a separation agreement executed by the parties on March 25, 1977, and incorporated into the decree of dissolution, the parties agreed that neither should be responsible to the other for alimony and that each should be awarded the personal property in his/her possession. Shirley was awarded all of Joseph's interests in the residence property located at 5648 Indian Mound Court, Columbus, Ohio.
 {¶ 3} The separation agreement also provided, as follows:
The wife is further to receive all the husband's interest in a parcel of land containing the description of 20.1467 acres located on the Reynoldsburg-New Albany Road in Franklin County * * *.
* * *
The wife further agrees to provide a piece of land on the 20.1467 acres to each of the husband's four (4) children by a previous marriage, namely, Joey, Kenny, Polly and Gretchen, for each of said children to build a home if they so desire. Said piece of land to be a minimum of two (2) acres.
 {¶ 4} None of the four children have requested land for the purpose of building a home nor have they indicated any desire to do so.
 {¶ 5} Joseph A. Hans died intestate in 1994, and, six months after his death, his daughter, from a previous marriage, Jo Ellen Kaiser, was appointed as administrator of the estate on November 14, 1994. On April 16, 1995, Jo Ellen filed an inventory and schedule of assets alleging that Joseph owned the 20.1467 acres in New Albany. Shirley's counsel filed an exception to the inventory which alleged that she had sole title to the land.
 {¶ 6} Jo Ellen, on behalf of the estate, then filed a quiet title action against Shirley and Shirley's corporation to whom Shirley had transferred her title to this property ("Garland by the Sea"). The quiet title action was removed from the Franklin County Court of Common Pleas to the United States District Court for the Southern District of Ohio Eastern Division. The district court held that the estate had no standing to set aside the transfer of land except to the extent necessary to pay the IRS, a creditor of the estate. The estate continued to pursue claims, request discovery, and filed various motions in litigation lasting from October 1995 through January 2001. A second district court decision was issued on September 9, 1999, which determined that the United States and the estate administrator had failed to demonstrate by clear and convincing evidence that any interest in the property had been conveyed to Shirley fraudulently. The court further thus concluded there were no genuine issues of material fact which required a trial.
 {¶ 7} After this second district court decision, the parties to the case began settlement negotiations and, on January 29, 2001, the parties entered into an agreed stipulation of dismissal of claims with prejudice. The agreed stipulation stated that the parties agreed to dismiss with prejudice all causes of action between them. The terms of this settlement allowed Shirley to resolve the IRS' claim against Joseph Hans and the lien against the property by selling the property, paying off the mortgage, and the IRS lien in the amount of $1,000,080. The IRS agreed to pay the Hans estate the sum of $65,000 out of the IRS payment. In return, all the parties to the quiet title action, including Shirley, the estate, its heirs and assigns, and the United States mutually released one another from:
* * * [A]ll debts, claims, demands, damages, actions and causes of action whatsoever, including, but not limited to, all claims now asserted or that could have been asserted in the case pending in the United States District Court and any and all claims asserted or that could have been asserted by the Estate of Joseph A. Hans in the Franklin County Probate Court proceeding, including, but not limited to, all claims of rights of ownership, or an interest in or an entitlement to, the said New Albany and Indian Mound Properties which are the subject of this lawsuit * * *.
 {¶ 8} Neither the estate nor the third-party beneficiaries (the four Hans children) contested the agreement or the pending sale between Shirley and the United States.
 {¶ 9} On December 12, 2001, Joey Hans filed a motion for contempt in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, against Shirley for her failure to deliver real estate as per the court's March 1977 order. In May 2001, Kenneth, Gretchen and Polly Hans also filed contempt actions. In these actions they claimed Shirley was in contempt for failure to transfer two acres of property to each of them from the 20.1467 acres located on Reynoldsburg-New Albany Road.
 {¶ 10} Subsequently, both parties filed motions for summary judgment in regard to the contempt actions.
 {¶ 11} The trial court granted summary judgment to Shirley in regard to the contempt actions and denied the third-party beneficiaries' motion for summary judgment.
 {¶ 12} The third-party beneficiaries have appealed, asserting the following assignments of error (the first three assignments of error are in regard to case No. 04AP-377, the fourth assignment of error is in regard to case No. 04AP-376):
I. THE DOMESTIC RELATIONS COURT'S DECISION WAS TAINTED BY JUDICIAL BIAS.
II. THE DOMESTIC RELATIONS COURT ERRED AS A MATTER OF LAW BY GRANTING APPELLEE, SHIRLEY STEDMAN'S MOTION FOR SUMMARY JUDGMENT.
III. THE DOMESTIC RELATIONS COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANTS, JOEY, KENNY, POLLY, AND GRETCHEN HANS' MOTION FOR SUMMARY JUDGMENT.
IV. THE TRIAL COURT ERRED AS A MATTER OF LAW BY VACATING THE DEFAULT JUDGMENT ENTERED AGAINST APPELLEE IN THE GENERAL DIVISION.
 {¶ 13} Appellants first contend that the domestic relations court was tainted by judicial basis. Other than the fact that appellants did not prevail in the trial court, they did not point to anything in the record that evidenced bias or prejudice of the domestic relations court. The claim made later was that appellee's counsel, Bradley Frick, had represented the domestic relations judge sometime before she became a judge and that this past relationship should have required her to disqualify herself from hearing the case. There was no evidence presented that leads us to believe that there was any unethical act on the part of either the trial court judge or appellee's counsel had this matter been raised at the appropriate time. While it arguably could have been the subject to an affidavit of prejudice being filed with the Ohio Supreme Court, it is not grounds for our reversal of the trial court's judgment. Furthermore, there was no prejudice since, under the facts, the court had no alternative but to find for appellee. Appellants' first assignment of error is overruled.
 {¶ 14} The second and third assignments of error concern the validity of the summary judgment granted by the domestic relations court finding that there was no contempt on the part of appellee Shirley Stedman.
 {¶ 15} A separation agreement, which is incorporated into a dissolution decree, is enforceable by contempt proceedings. See Harrisv. Harris (1979), 58 Ohio St.2d 303. Contempt proceedings constitute the inherent means by which courts enforce their lawful orders.
 {¶ 16} Appellants claim that the clause in the separation agreement which was incorporated into the dissolution decree provided that the wife (Shirley) agreed to provide a piece of land on the 20.1467 acres to each of the husband's four children by a previous marriage for each of said children to build a home if they so desired. They allege that Shirley's agreement to the judgment in the federal district court case, which permitted sale of the property to pay the IRS lien, was a breach of the aforesaid provision in the dissolution decree which rendered her subject to contempt.
 {¶ 17} We find this argument to be inapplicable to the circumstance at hand. The agreement to provide land from the 20.1467 acres is contingent upon the desire of each or any of the children to build a home there as the agreement specifies "if they so desire." At no time after the separation agreement of 1977 and before the termination of the federal court action in 2001, was there any evidence of an intent by any of the four Hans children to build a home on the land. It is true that the land has now been sold and it would now be impossible for Shirley to convey, if requested, any part of the 20.1467 acres for purposes of building a home or homes on it. However, there was no breach of that contingent agreement at the time of filing the contempt actions since the contempt, if any, would be conditional upon future actions of appellants. The trial court properly did not find any contempt at the time of denial of the contempt petition as any contempt finding could be considered to be premature.
 {¶ 18} Another reason for affirming the trial court judgment is that the federal court action which resulted in the sale of the property included a release of any and all claims asserted or that could have been asserted by the estate of Joseph A. Hans in the Franklin County Probate Court proceedings, including all claims or rights of ownership or an interest in or an entitlement to the property at question in the contempt action. While technically the Hans children asserted no claim in the district court action as to future rights based upon Shirley's promise in the separation agreement, they were fully aware of the action and did not seek to intervene to assert personal claims. Arguably the Hans children sought to have the transactions in which Shirley obtained her interest in the 20.1467 acres set aside, in whole or in part, because of a claim of fraud. The fraud claim was rejected by the federal district court and is barred from being raised in future litigation, at least by the estate and arguably those persons (the children) who would have acquired an interest through the estate had the quiet title action been successful.
 {¶ 19} Appellants' second and third assignments of error are overruled.
 {¶ 20} In a second case, (appellate case No. 04AP-376), the Hans children commenced an action on January 24, 2003, against Shirley Stedman in the Franklin County Court of Common Pleas, General Division. In their amended complaint, on January 31, 2003, they alleged breach of fiduciary duty, breach of contract, tortious interference with a contract and intentional infliction of emotional distress, seeking monetary damages all in regard to the 20.1467 acres previously described. Appellants in case No. 04AP-376 alleged that they are third-party beneficiaries of the contract between Joseph Hans and Shirley Stedman contained in the separation agreement and made part of the divorce judgment. Appellants' breach of contract action was not raised in the federal district court in the quiet title action or in the contempt action in the domestic relations division which we have decided in case No. 04AP-377.
 {¶ 21} On April 19, 2004, appellants moved the court to enter judgment by default against appellee Shirley Stedman alleging in the motion that appellee's counsel in the related action (the subject of case No. 04AP-377) accepted service of process on her behalf at appellee's deposition on February 12, 2003.
 {¶ 22} A motion for default judgment was served only on Shirley Stedman by first class U.S. mail at 6525 West Campus Oval, Suite 100, New Albany, Ohio 43054. An answer was filed by appellee in regard to the motion for default judgment and the trial court found that Shirley was served with process on February 12, 2003, at her deposition in the related case. The trial court granted appellants' motion for default judgment as to liability and referred the case to a magistrate of the Franklin County Court of Common Pleas for a hearing on damages to be held on Monday, February 9, 2004.
 {¶ 23} On February 2, 2004, Shirley filed her motion for relief from judgment allegedly pursuant to Civ. R. 60(B). On March 11, 2004, the trial judge rendered a judgment vacating the default judgment as to liability which, in effect, determines that the case will be heard on its merits.
 {¶ 24} Appellants appeal asserting in the fourth assignment of error as follows:
THE TRIAL COURT ERRED AS A MATTER OF LAW BY VACATING THE DEFAULT JUDGMENT ENTERED AGAINST APPELLEE IN THE GENERAL DIVISION.
 {¶ 25} While the motion which was filed in regard to the trial court's default judgment on the issue of liability was a Civ. R. 60(B) motion for relief from judgment and was treated as such by the trial court, the motion in reality was a motion for reconsideration of the trial court's interlocutory order which would be judged solely on an abuse of discretion standard rather than requirements of Civ. R. 60(B)(1) through (5). Civ. R. 60(B) provides for relief from final judgments whether rendered by default summarily or after trial. It does not apply to interlocutory orders. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97. A court may even vacate a decision which has not been journalized without being required to use Civ. R. 60(B) procedure as that procedure is applicable only if a final judgment has been ordered. Beim v. Jemo Assoc.Inc. (1989), 61 Ohio App.3d 380. These rulings are consistent with the language of Civ. R. 60(B) which provides relief may be given from "a final judgment." Civ. R. 54(A) defines a judgment as including "any order from which an appeal lies." An appeal does not lie from a judgment on liability only where damages have not yet been determined as the judgment is interlocutory rather than final.
 {¶ 26} The ruling contested herein is a discretionary court ruling preceding final judgment which, even if erroneous, is reviewable only after there is a final appealable judgment. There is no right to appeal the trial court's discretionary decision to alter its interlocutory ruling that a default judgment as to liability should be issued. That ruling is not independently appealable and can be raised only at the time there is a right to appeal. The fact that the motion and ruling thereon characterized it as a Civ. R. 60(B) motion (which is appealable) does not control our subject-matter jurisdiction.
 {¶ 27} The appeal in case No. 04AP-376 is dismissed for lack of subject-matter jurisdiction.
 {¶ 28} Appellants' first, second and third assignments of error in case No. 04AP-377 are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Appeal dismissed in case No. 04AP-376;
 judgment affirmed in case No. 04AP-377.
Bryant and Klatt, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C)[NAF1], Article IV, Ohio Constitution.