{¶ 19} I concur in the analysis and the conclusion of the majority. However I write separately to add that the result of the case would not be altered if we were to address the merits of appellant's appeal.
 {¶ 20} To the extent that appellant's complaint could be characterized as alleging false arrest, false imprisonment and malicious prosecution, the claims are barred by the one year statute of limitations contained in R.C. 2305.11. The same statute of limitations would apply to the allegation of invasion of privacy. Dye v. Columbus Retail Merchants Delivery, Inc.
(Nov. 4, 1975), 10th Dist. No. 75AP-252. As it is evident from the appellant's complaint that the actions alleged to constitute the violations occurred in September — December 2003, and the complaint was not filed until September 2005 it was not necessary for the trial court to conduct a hearing before dismissing appellant's complaint pursuant to Civ. R. 12 (B)(6).
 {¶ 21} To the extend appellant's complaint alleges defamation, the complaint does not set forth the substance of the allegedly defamatory statement, See Hedrick v. Center forComprehensive Alcoholism Treatment (1982), 7 Ohio App.3d 211;Quamme v. Lancaster-Fairfield Com. Hosp. (Feb. 27, 1995), 5th Dist. No. 94-CA-37. The complaint further failed to allege publication of the statement to an identifiable third party,Beim v. Jemo Associates, Inc (1989), 61 Ohio App.3d 380. Appellant failed to elaborate upon these claims, or move to amend his complaint in response to appellees' motion to dismiss.
 {¶ 22} Finally, appellant has failed to meet the requirements of Civ.R.23 to certify the case as a class action.
 {¶ 23} Accordingly, I would overrule appellant's assignments of error.