OPINION
{¶ 1} Plaintiff-appellant, Zach Zunshine ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas on his claim for unpaid legal fees against defendant-appellee, Helen I. Cott ("appellee").
 {¶ 2} On July 8, 2005, appellant, an attorney, filed a complaint in the Franklin County Court of Common Pleas to recover legal fees from appellee, his former client, under a written contingent fee agreement. Appellant represented appellee with respect *Page 2 
to her legal claims arising out of an automobile accident. On behalf of appellee, appellant filed a lawsuit against the tortfeasor and against State Farm Mutual Automobile Insurance Company ("State Farm"), appellee's insurer. With respect to State Farm, appellant asserted a claim of bad faith arising out of State Farm's settlement of appellee's property damage claim. Appellant tried appellee's personal injury claim to a jury, which awarded appellee $38,440 as damages, and the trial court entered a judgment consistent with the jury verdict on June 6, 2005. Shortly thereafter, appellee hired a new attorney.
 {¶ 3} Appellant alleges that, pursuant to their contingent fee agreement, appellee agreed to pay appellant one-third of the amount she recovered as damages and to pay litigation expenses, including court costs, deposition expenses, and expert witness fees. Having misplaced his copy of the contingent fee agreement, appellant did not attach it to his complaint. Appellant alleges that appellee breached the contingent fee agreement by not paying him one-third of her $38,440 recovery plus litigation expenses. In his complaint, appellant prayed for relief in the amount of $13,526.69. Appellee deposited her entire $38,440 judgment with the clerk of courts after appellant filed his complaint.
 {¶ 4} On August 11, 2005, appellee filed an answer to appellant's complaint and asserted two counterclaims. Appellee admits that she hired appellant to represent her regarding claims arising from her automobile accident and that she signed a contingent fee agreement, although she, like appellant, is unable to produce a copy of the agreement. Appellee denies that the contingent fee agreement provided for legal fees amounting to one-third of her recovery. In her first counterclaim, appellee requests a *Page 3 
declaratory judgment that appellant is limited to recovering in quantum meruit for services provided. In her second counterclaim, appellee alleges that appellant was negligent in his representation of her and failed to obtain a reasonable settlement and/or jury verdict on her behalf. Appellant replied to appellee's counterclaims on September 12, 2005.
 {¶ 5} On September 19, 2005, appellant filed a motion for partial summary judgment, requesting judgment on his claim for legal fees and on appellee's first counterclaim. Appellee filed a memorandum contra on October 3, 2005. In her memorandum and supporting affidavit, with respect to appellant's claim for legal fees, appellee argued that the contingent fee agreement provided for payment of 30 percent, rather than one-third, of her recovery.
 {¶ 6} On January 6, 2006, the trial court partially granted appellant's motion for partial summary judgment. The court found that appellant and appellee undisputedly entered into a written contingent fee agreement, but a genuine issue of material fact remained as to whether the agreement provided for payment of 30 percent or one-third of appellee's recovery. Accordingly, the trial court stated: "[T]o that extent only [appellant] is not entitled to summary judgment on his fee contract claim premised upon the $38,440 Judgment." The trial court reiterated its denial of summary judgment on appellant's claim in its conclusion, stating: "[Appellant's] Motion for Summary Judgment is denied in part, in that there remains a genuine dispute of fact about the amount of the percentage which should be used to calculate the contingent fee owed by [appellee]." The trial court noted appellee's potential claim against State Farm for bad faith and, despite appellant's failure to plead any claim for fees relating to the bad-faith claim, *Page 4 
stated: "[T]his summary judgment decision does not decide any issue about [appellant's] entitlement to a fee in connection with that claim, or to the amount of any such legal fee." Finally, with respect to appellee's first counterclaim, the trial court found that, as a matter of law, it could not grant the requested relief and, accordingly, granted appellant's motion with respect to appellee's first counterclaim.
 {¶ 7} On February 2, 2006, appellee filed a motion to settle case and request for status conference, in which she agreed to pay appellant one-third of her $38,440 judgment, as appellant requested in his complaint, and to dismiss her counterclaims in exchange for appellant's execution of a settlement entry releasing her from any further liability. Appellant opposed appellee's motion and refused to execute a release. Appellant stated that he would dismiss his complaint upon appellee's payment of the total amount requested therein, and that appellee could then determine whether to proceed on her counterclaim for negligent representation.
 {¶ 8} Appellee dismissed her counterclaim for negligent representation without prejudice on March 1, 2006. Thus, as of that date, only appellant's fee contract claim remained pending.
 {¶ 9} On March 29, 2006, appellee filed a motion for summary judgment, urging the trial court to hold: that appellant was entitled to one-third of appellee's $38,440 judgment plus reasonable litigation expenses; that appellant was not entitled to any fee and/or expenses relating to appellee's bad-faith claim against State Farm; and that the court's entry was conclusive as to any and all issues stemming from the contract between appellant and appellee. Thus, as in her motion to settle case, appellee agreed to pay appellant one-third of her $38,440 judgment, plus reasonable litigation expenses, *Page 5 
in exchange for a finding that appellant could not recover further fees premised on appellee's bad-faith claim. The trial court denied appellee's motion for summary judgment on April 17, 2006.
 {¶ 10} On May 10, 2006, appellant filed a motion for a judgment of 30 percent on the $38,440 jury verdict in the underlying case, based on the trial court's earlier finding that appellant was entitled to at least 30 percent of appellee's recovery on her personal injury claim. Appellant submitted a proposed judgment entry, awarding himself a judgment of $11,532 (30 percent of $38,440), plus interest at the legal rate from June 6, 2005, the date of the underlying judgment. The proposed entry assessed court courts against appellee and provided that there was no just reason for delay. Appellee did not oppose appellant's motion or proposed entry and, on May 31, 2006, the trial court filed the submitted judgment entry and terminated the case.
 {¶ 11} On June 19, 2006, appellant moved the court to reinstate his case, arguing that termination was improper because the issue of whether the contingent fee agreement entitled him to 30 percent or one-third of appellee's recovery remained unresolved. The trial court reactivated the case on June 27, 2006, and scheduled a final pre-trial conference for July 19, 2006.
 {¶ 12} On July 19, 2006, after the final pre-trial conference, the trial court issued a final pre-trial order, stating: "[Examination of the Pretrial Statements submitted by both counsel and the discussion on the record at the Final Pretrial Conference convinces the court that no genuine issues of fact remain for trial." The court concluded that, "[b]ecause both parties unequivocally agree and [appellee] consents to pay [appellant] a total of a 33 [1]/?% legal fee against $38,440 held by the Clerk of this Court *Page 6 
the primary issue is completely resolved. No question is left to present to a jury about that key part of the [appellant's] case." According to the final pre-trial order, appellee also agreed to pay $90.53 in outstanding litigation expenses and $33.33 as a one-third fee on $100 that her insurer reimbursed for her deductible. The court stated that appellant alleged no other claim for damages.
 {¶ 13} In addition to its determination of appellant's fee claim in its final pre-trial order, the court revisited the issues of prejudgment interest and court costs, citing Civ.R. 60(A). The court concluded that awarding appellant prejudgment interest, as set forth in the May 31, 2006 judgment entry, would be unfair. Rather, the court held that, if the clerk of courts paid interest on the deposited $38,440 principle, appellant and appellee were to share such interest in proportion to the final division of the principle. Additionally, upon reconsideration of its prior assessment of court costs against appellee, the court held that each party should bear its own court costs. On July 31, 2006, the trial court issued an amended final judgment entry, reducing the findings in the final pre-trial order to judgment.
 {¶ 14} On August 1, 2006, appellant filed a motion to reconsider the trial court's determination of prejudgment interest, which appellee opposed. The trial court did not rule on appellant's motion for reconsideration before appellant filed his timely notice of appeal on August 28, 2006.
 {¶ 15} On appeal, appellant presents two assignments of error for this court's review:
 1. The trial court erred to the prejudice of the Plaintiff-Appellant when the trial court sua sponte reopened, modified, and vacated its May 31, 2006 final judgment. *Page 7 
 2. The trial court erred to the prejudice of the Plaintiff-Appellant when the trial court did not award the Plaintiff-Appellant prejudgment interest.
 {¶ 16} Under his first assignment of error, appellant argues that the trial court lacked authority to sua sponte reopen, modify, and vacate its May 31, 2006 judgment, which appellant contends was a final appealable order. That judgment awarded appellant $11,532 plus interest at the legal rate from June 6, 2005, and assessed court costs against appellee. In its final pre-trial order, the trial court stated that, "exercising its authority under Civ.R. 60(A), the court has concluded that two minor portions of that Judgment — prejudgment interest and court costs — must be and hereby areVACATED." (Emphasis sic.)
 {¶ 17} Appellant first argues that Civ.R. 60(A) does not authorize the trial court to vacate its prior disposition of prejudgment interest and court costs. Civ.R. 60(A) provides, in part, as follows:
 Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *
A "clerical mistake" is "a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97,100. Civ.R. 60(A) does not authorize a trial court to make substantive changes to judgments. Id.
 {¶ 18} Appellant argues that the trial court's vacation and modification of its prior disposition of prejudgment interest and court costs involved legal decisions, as evidenced by the court's careful consideration of such issues in the final pre-trial order. *Page 8 
Thus, appellant contends that the trial court made substantive changes to its prior judgment, not authorized by Civ.R. 60(A). We agree with appellant that the trial court's modification of its judgment regarding prejudgment interest and court costs did not constitute correction of clerical mistakes in the judgment. Neither the award of prejudgment interest nor the allocation of court costs in the trial court's May 31, 2006 judgment entry constituted a mechanical mistake or omission, separate from legal decision or judgment. Consequently, the trial court's modification of its prior prejudgment interest award and allocation of court costs amounted to substantive changes to the prior judgment, unauthorized by Civ.R. 60(A).
 {¶ 19} Appellant next argues that the trial court has no authority to sua sponte reopen, modify or vacate its May 31, 2006 judgment because Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. Appellant correctly states that a court may not sua sponte grant Civ.R. 60(B) relief from judgment and that Civ.R. 60(B) provides the exclusive means for a trial court to vacate a final judgment. See Natl. City Bank v. Anderson, Ashland App. No. 02-COA-043, 2003-Ohio-92, at ¶ 12, citing Sperry v. Hlutke (1984),19 Ohio App.3d 156; Kemper Securities, Inc. v. Schultz (1996), 111 Ohio App.3d 621,625. However, a party may seek Civ.R. 60(B) relief only from a final judgment; Civ.R. 60(B) does not apply to interlocutory orders.Matrka v. Stephens (1991), 77 Ohio App.3d 518, 520; Hans v.Stedman, Franklin App. No. 04AP-376, 2005-Ohio-4819, at ¶ 25. In the absence of a final appealable judgment, an entry is interlocutory and subject to revision at any time before final judgment pursuant to Civ.R. 54(B). Thus, inherent in appellant's argument is his contention that the May 31, 2006 *Page 9 
judgment entry constituted a final judgment, subject to the requirements of Civ.R. 60(B). We disagree with such a contention.
 {¶ 20} The Ohio Supreme Court has stated that " `[a] final order * * * is one disposing of the whole case or some separate and distinct branch thereof.' " Noble v. Colwell (1989), 44 Ohio St.3d 92, 94, quotingLantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. In his motion for reinstatement, appellant alerted the trial court that its May 31, 2006 entry only partially resolved his claim for legal fees, the sole claim pending before the trial court. In his draft pre-trial statement, appellant claimed that he remained entitled to a jury determination of whether the contingent fee agreement provided for legal fees in the amount of one-third or 30 percent of appellee's recovery. Thus, appellant admits that the May 31, 2006 judgment entry did not adjudicate his claim in its entirety. An order that adjudicates fewer than all claims in a case must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Noble at syllabus. Therefore, the trial court's May 31, 2006 judgment entry constituted a final appealable order, subject to the requirements of Civ.R. 60(B), only if it met the requirements of R.C. 2505.02 and Civ.R. 54(B).
 {¶ 21} To constitute a final order, a court order must fit into at least one of the categories set forth in R.C. 2505.02. Noble at 96. The only category under R.C. 2505.02 relevant here is R.C. 2505.02(B)(1), which defines a "final order," in part, as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" When the trial court entered its May 31, 2006 judgment, the only claim for relief pending was appellant's claim for one-third of appellee's $38,440 judgment, plus litigation expenses. Although the judgment, in effect, prevented appellee *Page 10 
from prevailing on appellant's claim for relief by determining liability in favor of appellant, it did not completely resolve appellant's claim and determine the action because the disputed issue of whether the applicable percentage was 30 or 33 Vz remained unresolved. "As a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed." Noble at 96; see, also, Hans at ¶ 25. The May 31, 2006 judgment entry did not adjudicate the complete relief to which appellant was entitled and, therefore, did not constitute a final order pursuant to R.C. 2505.02(B).
 {¶ 22} The inclusion of Civ.R. 54(B) language, that "[t]here is no just reason for delay[,]" in the May 31, 2006 judgment entry does not create a final appealable order. Civ.R. 54(B) provides, in part, as follows:
 * * * In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
However, the Ohio Supreme Court has held that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." Noble at 96.
 {¶ 23} In R H Trucking, Inc. v. Occidental Fire Cas. Co. (1981),2 Ohio App.3d 269, paragraph one of the syllabus, this court held:
 Where only one claim for relief has been presented in a complaint, and the trial court decides one of the legal issues *Page 11 
involved in the case, but does not finally adjudicate the claim for relief, the court's decision does not become a final judgment subject to appeal simply by reason of the inclusion of Civ.R. 54(B), "no just reason for delay" language, in the court's order.
Here, like the scenario described in the R H Trucking syllabus, only one claim for relief remained pending in the trial court as of May 31, 2006, and the trial court's judgment entry issued that day did not finally adjudicate appellant's claim for relief. Thus, despite the presence of Civ.R. 54(B) language in the judgment entry, we conclude that the judgment was neither final nor appealable and was subject to modification at any time prior to the entry of final judgment. For these reasons, we overrule appellant's first assignment of error.
 {¶ 24} In his second assignment of error, appellant asserts that the trial court erred by not awarding him prejudgment interest on his judgment for legal fees under the contingent fee agreement. Appellant claims that he was entitled to prejudgment interest, as a matter of law, pursuant to R.C. 1343.03(A). Although the trial court's May 31, 2006 judgment entry awarded appellant prejudgment interest at the legal rate from the date of appellee's underlying $38,440 judgment, the court's final judgment entry awarded appellant only the interest, if any, paid by the clerk of courts on appellant's $12,937.19 judgment while such funds were deposited with the clerk.
 {¶ 25} The Ohio Supreme Court has explained that prejudgment interest "acts as compensation and serves ultimately to make the aggrieved party whole." Royal Elec. Constr. Corp. v. Ohio State Univ. (1995),73 Ohio St.3d 110, 117. R.C. 1343.03(A) provides, in part:
 In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes *Page 12 
due and payable upon any bond, bill, note, or other instrument of writing, * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. * * *
Prejudgment interest compensates the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a liquidated or unliquidated claim and even if the sum due was not capable of ascertainment until determined by the court.Royal Elec. at syllabus. Once a plaintiff receives judgment on a contract claim, the trial court has no discretion but to award prejudgment interest under R.C. 1343.03(A). First Bank of Marietta v.L.C. Ltd. (Dec. 28, 1999), Franklin App. No. 99AP-304.
 {¶ 26} The only issue for resolution by a trial court with respect to prejudgment interest under R.C. 1343.03(A) is how much interest is due.Dwyer Elec, Inc. v. Confederated Builders, Inc. (Oct. 29, 1998), Crawford App. No. 3-98-18. The trial court must make factual determinations as to when interest commences to run, based on when the claim became due and payable, and as to what legal rate of interest applies. Id. Thus, although the right to prejudgment interest on a contract claim is a matter of law, pursuant to R.C. 1343.03(A), the amount awarded is based on the trial court's factual determinations of the accrual date of the plaintiff's claim and the applicable interest rate. First Bank of Marietta, citing Royal Elec. at 115. Courts of appeals review such factual determinations under an abuse of discretion standard. Dwyer Elec; Miller v. Lindsay-Green, Inc., Franklin App. No. 04AP-848, 2005-Ohio-6366, at ¶ 107. Abuse *Page 13 
of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 27} Relying on Royal Elec, appellee argues that the trial court must initially decide whether appellant, the aggrieved party, has been fully compensated and, only if it determines that appellant has not been fully compensated, may the trial court determine when interest commenced to accrue and at what rate. As appellee notes, in Royal Elec, the Supreme Court stated that, rather than focusing on whether the judgment amount was liquidated, unliquidated or capable of ascertainment, in determining whether to award prejudgment interest, the court "need only ask one question: Has the aggrieved party been fully compensated?"Royal Elec. at 116. However, we find persuasive the Third District Court of Appeals' analysis in Dwyer Elec, rejecting an argument identical to the one appellee asserts here:
 We find the question posed by the Supreme Court in the midst of its analysis to be more of an elocutionary device which leads the reader to the ultimate holding in the case. The question: "Has the aggrieved party been fully compensated?" is followed by the court's finding that in order to be fully compensated, a party should receive interest for the lapse of time between the accrual of the claim and judgment. Royal, 73 Ohio St.3d 117. Thus, the court is merely inquiring whether there has been compliance with R.C. 1343.03(A). The Supreme Court held that the recovery of interest is necessary to fully compensate an aggrieved party * * *.
A contrary conclusion, granting the trial court discretion to determine whether an aggrieved party has been fully compensated without prejudgment interest, runs contrary to the clear, mandatory language of R.C. 1343.03(A). Thus, the trial court's discretion with respect to an award of prejudgment interest on a contract claim extends only to the *Page 14 
factual determinations of when interest commences to run and what interest rate applies.
 {¶ 28} As a matter of law, appellant was entitled to prejudgment interest from the accrual of his claim at the legal rate determined pursuant to R.C. 5703.47. Although appellee correctly asserts that the trial court's amended final judgment entry may entitle appellant to some prejudgment interest, the entry awards interest only "[i]f the Clerk pays any interest on the deposited money[.]" (Emphasis added.) Pursuant to R.C. 1343.03(A), appellant is entitled to prejudgment interest as a matter of law, regardless of whether the clerk of courts pays interest on deposited funds. Thus, the trial court's contingent award of interest is inconsistent with the requirements of R.C. 1343.03(A).
 {¶ 29} Moreover, although appellant has not provided this court with a transcript of the trial court's final pre-trial hearing, conducted on the record, it is clear from the amended final judgment entry that the trial court did not exercise its discretion to determine when appellant's claim for legal fees accrued. Rather, any interest recoverable under the trial court's amended final judgment entry would have begun to accrue when appellee deposited her judgment with the clerk of courts, over a month after appellant filed his complaint, rather than the earlier date when appellant's claim accrued. Additionally, the trial court made no determination as to the applicable legal rate of interest, instead granting appellant interest at the admittedly unknown rate of interest earned on deposits with the clerk of courts. Such a failure to exercise its discretion constitutes an abuse of that discretion. SeeKaur v. Bharmota, Franklin App. No. 05AP-1333, 2006-Ohio-5782, at ¶ 13. Accordingly, we conclude that the trial court *Page 15 
abused its discretion by failing to award appellant prejudgment interest as mandated by R.C. 1343.03(A), and we, therefore, sustain appellant's second assignment of error.
 {¶ 30} For the foregoing reasons, we overrule appellant's first assignment of error and sustain his second assignment of error. We affirm in part and reverse in part the judgment of the Franklin Country Court of Common Pleas and remand this matter to the trial court for further proceedings relating only to the issue of prejudgment interest, consistent with this opinion and the law.
Judgment affirmed in part, reversed in part, and cause remanded withinstructions.
 BROWN and KLATT, JJ., concur. *Page 1